1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. EDCV14-00683-VEB |
| DYLAN WISEHART RANDALL, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In May of 2010, Plaintiff Dylan Wisehart Randall applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by William M.

Kuntz, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7, 8, 17, 18, 21). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for SSI benefits on May 13, 2010, alleging disability beginning May 1, 1999, due to various physical and mental impairments. (T at 200, 221).[1]   The application was denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").   On May 22, 2012, a hearing was held before ALJ Margaret Craig. (T at 27).   Plaintiff appeared with his attorney and testified. (T at 31-46).   The ALJ also received testimony from Gregory Jones, a vocational expert (T at 57-60), and Randall Randall, Plaintiff's father. (T at 47-57).

A supplemental hearing before ALJ Craig was held on December 5, 2012. Plaintiff again appeared with his attorney and testified.  (T at 77-79).  The ALJ also received testimony from Aida Worthington, a vocational expert (T at 91-93), Dr.

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

Joseph Malancharuvil, a medical expert (T at 66-77), and Plaintiff's father. (T at 79-90).

On December 21, 2012, the ALJ issued a written decision denying the application for benefits.  (T at 7-26).  The ALJ's decision became the Commissioner's final decision on February 11, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On April 7, 2014, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on October 7, 2014. (Docket No. 13).  The parties filed a Joint Stipulation on December 2, 2014. (Docket No. 15).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case be remanded for further proceedings.


### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

3

lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

1   activity and (2) a "significant number of jobs exist in the national economy" that the

2   claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

3   **B.      Standard of Review**

4          Congress has provided a limited scope of judicial review of a Commissioner's

5   decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

6   made through an ALJ, when the determination is not based on legal error and is

7   supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

8   1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

9          "The [Commissioner's] determination that a plaintiff is not disabled will be

10  upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

11  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

12  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

13  n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

14  599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

15  reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

16  *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

17  conclusions as the [Commissioner] may reasonably draw from the evidence" will

18  also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

19  the Court considers the record as a whole, not just the evidence supporting the

20

1    decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

2    1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).    It is the role

3    of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*,

4    402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

5    may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at

6    1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision

7    supported by substantial evidence will still be set aside if the proper legal standards

8    were not applied in weighing the evidence and making the decision. *Brawner v.*

9    *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if

10   there is substantial evidence to support the administrative findings, or if there is

11   conflicting evidence that will support a finding of either disability or non-disability,

12   the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226,

13   1229-30 (9th Cir. 1987).

14   **C.    Commissioner's Decision**

15        The ALJ determined that Plaintiff had not engaged in substantial gainful

16   activity since May 4, 2010 (the application date). (T at 12).  The ALJ found that

17   Plaintiff's obsessive compulsive disorder, panic disorder (not otherwise specified),

18   and cannabis abuse were "severe" impairments under the Act. (Tr. 12).

19

20

1       However, the ALJ concluded that Plaintiff did not have an impairment or

2  combination of impairments that met or medically equaled one of the impairments

3  set forth in the Listings. (T at 13).

4       The ALJ determined that, considering all of Plaintiff's impairments (including

5  his substance abuse), Plaintiff retained the residual functional capacity ("RFC") to

6  perform a full range of work at all exertional levels, except that he is limited to

7  simple, repetitive tasks in an object-oriented setting, with no safety operations, only

8  occasional non-intense contact with co-workers, and only incidental contact with the

9  general public. (T at 14).  The ALJ also found that Plaintiff would be off-task or

10  absent 15% of the time. (T at 14).

11       Plaintiff has no past relevant work. (T at 15).  Considering Plaintiff's age (20

12  years old), education (limited), work experience, and residual functional capacity

13  (considering all impairments, including substance abuse), the ALJ concluded that

14  there were no jobs that exist in significant numbers in the national economy that

15  Plaintiff can perform. (T at 15).

16       The ALJ found that, if Plaintiff stopped the substance abuse, he would

17  continue to have a severe impairment or combinations of impairments, but would

18  still not have an impairment or combination of impairments that met or medically

19  equaled one of the impairments set forth in the Listings. (T at 16).   The ALJ

20

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

concluded that, if Plaintiff stopped the substance abuse, he would have the RFC to perform a full range of work at all exertional levels, except that he would be limited to simple, repetitive tasks in an object-oriented setting, with no safety operations, only occasional non-intense contact with co-workers, and only incidental contact with the general public. (T at 17).

The ALJ concluded that, if Plaintiff stopped the substance abuse, there would be a significant number of jobs in the national economy that he could perform. (T at 20). As such, because the ALJ found that Plaintiff's substance abuse was a contributing factor material to the disability determination, she denied the application for benefits, finding that Plaintiff was not entitled to receive benefits for the period between May 13, 2010 (the application date) and December 21, 2012 (the date of the ALJ's decision). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D.     Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 15), Plaintiff offers three (3) arguments in support of his claim that the Commissioner's decision should be reversed.  First, Plaintiff contends that the ALJ did not properly evaluate the effect of substance abuse on his RFC.  Second, Plaintiff challenges the ALJ's

9

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

1    determination regarding the credibility of his testimony and the ALJ's assessment of

2    the third party testimony provided by his father.   Third, Plaintiff argues that the

3    ALJ's step five analysis was flawed.  This Court will address each argument in turn.

4

5                                **IV. ANALYSIS**

6    **A.    Substance Abuse**

7         When a Social Security disability claim involves substance abuse, the ALJ

8    must first conduct the general five-step sequential evaluation without determining

9    the impact of substance abuse on the claimant. If the ALJ finds that the claimant is

10   not disabled, then the ALJ proceeds no further.  If, however, the ALJ finds that the

11   claimant is disabled, then the ALJ conducts the sequential evaluation and second

12   time and considers whether the claimant would still be disabled absent the substance

13   abuse.  *See Bustamente v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001), 20 CFR §

14   404.1535.

15        The claimant bears the burden at steps 1-4 of the second sequential analysis of

16   showing substance abuse is not a "contributing factor material to his disability."

17   *Hardwick v. Astrue*, 782 F. Supp. 2d 1170, 1177 (E.D.Wa. 2011)(citing *Parra v.*

18   *Astrue*, 481 F.3d 742, 748 (9th Cir. 2007)).

19

20                                    10

1   In this case, the ALJ found that Plaintiff's RFC was impacted by his substance

2   (marijuana) abuse as follows: while abusing marijuana,    Plaintiff would be off-task

3   or absent 15% of the time. (T at 14).   Absent such abuse, the ALJ concluded,

4   Plaintiff would not be so limited, and would be able to perform work that exists in

5   significant numbers in the national economy. (T at 20).

6   This Court finds the ALJ's decision is supported by substantial evidence.

7   Dr. Joseph Malancharuvil, a Board certified clinical psychologist, testified at

8   the second administrative hearing.  Dr. Malancharuvil opined that Plaintiff suffered

9   from "a psychotic disorder, induced by drug use." (T at 68).  Dr. Malancharuvil

10   concluded that, while using drugs, Plaintiff would have no limitation as to activities

11   of daily living and mild to moderate limitation with regard to social functioning. (T

12   at 68).  He believed that Plaintiff retained the capacity for simple, repetitive tasks in

13   an object oriented setting, but was precluded from any safety related operations. (T

14   at 68).  Dr. Malancharuvil noted that Plaintiff complained of auditory and visual

15   hallucinations, but denied those symptoms whenever he was examined without the

16   influence of drugs. (T at 69).  He found Plaintiff's social activities and complaints of

17   hallucinations not typical of schizophrenia. (T at 71).  Dr. Malancharuvil opined that

18   substance abuse was a "materially influencing factor" with regard to Plaintiff's

19   disability. (T at 72, 75).  Plaintiff's counsel was given the opportunity to cross-

20

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

1    examine Dr. Malancharuvil. (T at 72-77). The ALJ found Dr. Malancharuvil's

2    opinion persuasive and afforded it great weight.  (T at 15).

3         In August of 2011, Dr. Roderick Stuart, Plaintiff's treating psychiatrist,

4    reported that Plaintiff smoked marijuana several times per week. (T at 457).  Dr.

5    Stuart advised Plaintiff that continued substance abuse risked aggravating his

6    psychotic symptoms and causing "amotivational syndrome.[2]" (T at 457).   In

7    December of 2011, Dr. Stuart noted that Plaintiff was still using marijuana several

8    times per week, in an apparent effort to reduce his psychiatric symptoms. (T at 472).

9    He advised Plaintiff to decrease or stop using marijuana, explaining that it could

10   "worsen psychosis." (T at 474-75).  The ALJ afforded great weight to Dr. Stuart's

11   conclusion, as Plaintiff's treating psychiatrist, that marijuana use was aggravating

12   Plaintiff's psychiatric problems. (T at 15).

13        Dr. Linda Smith, a consultative examiner, performed a psychiatric evaluation

14   in December 6, 2010.  She found Plaintiff "not credible." (T at 374).  She assessed

15   no difficulties with concentration or memory, understanding, or answering

16   questions. (T at 374).   Dr. Smith found no evidence of bipolar disorder or

17   schizophrenia and opined that Plaintiff was not psychotic. (T at 376).   Plaintiff

18   ────────────
     [2] Amotivational syndrome is a psychological condition associated with diminished inspiration to
     participate in social situations and activities, with episodes of apathy caused by an external event,

19   situation, substance (or lack of), relationship (or lack of), or other cause.

20

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

1    acknowledged marijuana use. (T at 377).   Dr. Smith diagnosed marijuana abuse

2    (unclear current status), but concluded that Plaintiff did not have any medically

3    determinable psychiatric impairments. (T at 380).   She noted that Plaintiff claimed to

4    have stopped using marijuana, but questioned his credibility. (T at 380).    She

5    assessed no limitations with regard to Plaintiff's functional abilities. (T at 381).   The

6    ALJ did not accept Dr. Smith's conclusion that Plaintiff had no medically

7    determinable impairment (T at 20), but did consider Dr. Smith's findings when

8    considering Plaintiff's subjective complaints. (T at 19-20).

9        Dr. Adam Cash, a consultative examiner, performed a psychological

10   evaluation in July of 2012.   Plaintiff denied drug abuse (T at 499), although this is

11   contradicted by the record. (T at 75, 377, 457).   Dr. Cash diagnosis psychosis NOS

12   and learning disorder NOS and assigned a Global Assessment of Functioning

13   ("GAF") score[3] of 49 (T at 501), which is indicative of serious impairment in social,

14   occupational or school functioning. *Haly v. Astrue,* No. EDCV 08-0672, 2009 U.S.

15   Dist. LEXIS 76881, at *12-13 (Cal. CD Aug. 27, 2009).   Dr. Cash assessed "no real

16   impairment" with regard to comprehension, but moderate impairment as to

17   Plaintiff's ability to remember and carry out simple instructions and concentrate,

18   [3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational
     functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161,

19   1164 n.2 (9th Cir. 1998).

20

13

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

persist, and work at a reasonable pace. (T at 501).  He found moderate impairment as to Plaintiff's ability to function socially in a workplace, noted that Plaintiff's tolerate for stress was moderately to markedly impaired, and concluded that Plaintiff had "a least a mild risk" of emotional deterioration in the workplace. (T at 501).

The ALJ gave great weight to Dr. Cash's conclusion that Plaintiff would have significant difficulty with attention and concentration.  However, Dr. Cash did not consider the impact of substance abuse (because Plaintiff told Dr. Cash he was not abusing drugs).  The ALJ found Dr. Malancharuvil's opinion persuasive with regard to Plaintiff's ability to attend when not using marijuana.  Applying Dr. Malancharuvil's analysis to Dr. Cash's assessment, the ALJ found that Plaintiff's attention and concentration would be significantly limited when he was abusing marijuana, but not when he abstained. (T at 15, 20). "[A]n ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination." *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989))

Dr. D. Morgan, a non-examining State Agency review consultant, assessed generally moderate limitations, but no significant limitations with regard to Plaintiff's ability to understand, remember, and carry out very short and simple instructions; perform activities within a schedule, maintain regular attendance, and

be punctual within customary tolerances. (T at 432). The ALJ gave some weight to Dr. Morgan's opinion. (T at 20). State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues for an alternative interpretation of the evidence, suggesting that there was insufficient proof to support Dr. Malancharuvil's conclusion and the ALJ's reliance thereon. However, the claimant bears the burden of showing substance abuse is not a contributing factor material to his disability. To meet this burden, the claimant "must provide competent evidence of a period of abstinence and medical source opinions relating to that period sufficient to establish his [substance abuse] is not a contributing factor material to his alleged mental impairments and disability." *Hardwick*, 782 F. Supp. 2d at 1177 (citing *Parra*, 481 F.3d at 748-49).

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

Here, the medical evidence, including the treatment notes of Dr. Stuart (Plaintiff's treating physician), the expert opinion of Dr. Malancharuvil, and the assessment of Dr. Morgan provided sufficient support for the ALJ's conclusion. Plaintiff notes, correctly, that there is evidence of mental health difficulties prior to the period during which he admits using marijuana.   However, the ALJ's RFC determination includes limitations related to Plaintiff's mental health.   In other words, the issue is not whether Plaintiff has mental health impairments or whether those impairments limit him to some degree.   The question is whether, absent substance abuse, Plaintiff would have the RFC to perform work that exists in significant numbers in the national economy.   For the reasons outlined above, substantial evidence in the record supports the ALJ's conclusion that, absent substance abuse, there is work that exists in significant numbers in the national economy that Plaintiff can perform.

It is important to note that it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's finding was supported by substantial evidence and should be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.      Credibility/Lay Testimony**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

He was 20 years old as of the date of the first administrative hearing. (T at 33-34). He obtained a high school diploma, but has never worked. (T at 34). He has difficulty concentrating due to voices in his head and racing thoughts. (T at 34). Racing thoughts occur for about 90 percent of his day. (T at 34-35). His sleep is troubled by nightmares. (T at 35). He had difficulties in school due to behavior issues. (T at 35). He injured his hand during a fit of anger. (T at 37). He does not use marijuana every day, but does use it because it helps quiet the voices in his head and generally calms him. (T at 38). Other medications have not been helpful and/or have had undesirable side effects. (T at 38-39).

He lives with his parents and tries to help with household chores. (T at 40). Social anxiety causes him to avoid leaving the house. (T at 40-41). He has a girlfriend, but they argue and do not go out much. (T at 41). Handling a schedule on a daily basis would overwhelm him. (T at 41). His racing thoughts and concentration problems would make work impossible. (T at 42). On a good day, he could sit and read a book for 30-60 minutes; on a bad day he cannot even pick a

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

book up. (T at 45-46).  Plaintiff said he disagreed strongly with Dr. Malancharuvil's opinion, believing instead that his mental health problems began long before he started using marijuana. (T at 77-79).

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

In this case, Plaintiff's father, Randall Randall, testified as follows: Plaintiff has lived with his father his entire life.  Mr. Randall has been employed as a police officer for 17 years. (T at 47).  He stated that Plaintiff's testimony was truthful. (T at 47).  Plaintiff has serious difficulties dealing with people and can be very aggressive and argumentative. (T at 48).  Plaintiff has unusual sleep patterns. (T at 49).  Plaintiff's nightmares are a serious issue. (T at 51).  Marijuana usage started in 2011. (T at 51).  Although Mr. Randall does not condone it, he believes the drug use helps Plaintiff. (T at 52).  He does not believe Plaintiff could perform full-time work due to his sleep patterns and cycles of good days and bad days. (T at 53).  He is also concerned about Plaintiff having angry outbursts in public. (T at 54).  Mr. Randall also expressed disagreement with Dr. Malancharuvil's assessment. (T at 79-90).

The ALJ concluded that Plaintiff's medically determinable impairments could

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 19).  The ALJ also did not accept the opinions of Plaintiff's father. (T at 19).

This Court finds no error in the ALJ's assessment of Plaintiff's credibility or decision to discount the testimony of Plaintiff's father.

In sum, Plaintiff and his father offered their subjective assessment that Plaintiff's marijuana use was helping his condition and that Plaintiff's mental health impairments were disabling both before and during marijuana use.  However, the ALJ reasonably discounted the opinions of these non-medical professionals in favor of the assessments of Dr. Stuart and Dr. Malancharuvil, both of whom opined that marijuana had a negative effect on Plaintiff's mental health symptoms. (T at 19, 75, 457).  The record also indicated that Plaintiff was inconsistent and non-compliant when seeking alternative medications to treat his symptoms. (T at 14, 19, 408, 437, 438, 447).

The ALJ cited evidence that contradicted the claims that Plaintiff's social functioning was severely impaired, including participation in social activities and exercising at a gym. (T at 13, 43-44, 277, 285, 289, 297).  Plaintiff reported being able to perform household chores, drive, cook, take care of his personal computer,

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

1   and maintain a relationship with a girlfriend. (T at 19).  Activities of daily living are

2   a relevant consideration in assessing a claimant's credibility. *See Rollins v.*

3   *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need

4   to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d

5   557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent

6   his or her activities of daily living "contradict claims of a totally debilitating

7   impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

8        The ALJ also noted that Dr. Smith, a consultative examiner, believed Plaintiff

9   was exaggerating his symptoms. (T at 19, 374-78).  This Court finds the ALJ's

10  credibility findings adequately supported by the evidence. *See Tommasetti v. Astrue*,

11  533 F.3d 1035, 1039 (9th Cir. 2008)("If the ALJ's credibility finding is supported by

12  substantial evidence, the court may not engage in second-guessing.").

13  **C.    Step Five Analysis**

14       At step five of the sequential evaluation, the burden is on the Commissioner to

15  show that (1) the claimant can perform other substantial gainful activity and (2) a

16  "significant number of jobs exist in the national economy" which the claimant can

17  perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot

18  return to his previous job, the Commissioner must identify specific jobs existing in

19  substantial numbers in the national economy that the claimant can perform. See

20

*Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In this case, the ALJ concluded that, if Plaintiff stopped the substance abuse, he would be able to perform work that exists in significant numbers in the national economy. (T at 21). Relying on the vocational expert's testimony, the ALJ concluded that Plaintiff could perform the following representative occupations: store laborer, linen room attendant, and day worker. (T at 21).

Plaintiff challenges the ALJ's finding, noting that the Dictionary of Occupational Titles ("DOT") indicates that the identified occupations require a reasoning level of 2 or 3, which (Plaintiff argues) exceeds the ALJ's finding that Plaintiff was limited to simple, repetitive work. (T at 18). Under the DOT, Level 2 reasoning requires an ability to "[a]ply commonsense understanding to carry out

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

detailed but uninvolved written or oral instructions."   Level 3 reasoning involves applying "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and dealing "with problems involving several concrete variables in or from standardized situations." DOT, App. C.

The Ninth Circuit recently held that there is an inconsistency between an RFC finding limiting a claimant to simple, repetitive work and a step five conclusion that the claimant can perform work with Level 3 reasoning. *See Zavalin v. Colvin*, 778 F.3d 842, 846-48 (9th Cir. 2015).   For example, "it may be difficult for a person limited to simple, repetitive tasks to follow instructions in 'diagrammatic form' (as required with Level 3) as such instructions can be abstract." *Id*.

In *Zavalin*, the Ninth Circuit concluded that "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Id.* at 846; *see also Rounds v. Comm'r*, 807 F.3d 996, 1002-1004 2015 U.S. App. LEXIS 21392 (9th Cir. Dec. 7, 2015).

Here, the ALJ concluded that, even if Plaintiff stopped the substance abuse, he would be limited to simple, repetitive tasks in an object oriented setting.  (T at 17). Although the courts have generally concluded that an RFC limitation to "simple" or

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

"repetitive" tasks is consistent with Level 2 reasoning, *See Rounds*, 807 F.3d at 1004 n.6, the ALJ in this case further limited Plaintiff's RFC to "tasks in an object oriented setting," apparently to address Plaintiff's difficulties with attention and concentration. (T at 17). This creates an apparent conflict with the requirements of Level 2 reasoning. *See Rounds*, 807 F.3d at 1004 (finding that additional limitation to "one to two steps tasks" to address memory and concentration problems created apparent inconsistency with Level 2 reasoning).  Under *Zavalin*, 778 F.3d at 846-48, there is an inherent conflict between an RFC limited to simple, repetitive tasks and Level 3 reasoning.

The ALJ did not recognize these apparent conflicts and, thus, did not address whether the conflicts could be resolved.  Accordingly, this Court "cannot determine whether substantial evidence supports the ALJ's step-five finding." *Zavalin*, 778 F.3d at 848.   The Commissioner's decision must therefore be reversed and remanded.  On remand, the ALJ must ask the vocational expert whether the apparent conflicts can be reconciled and, if so, must determine whether the expert's explanation is reasonable. *See id.*

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees.

DATED this 8th day of March, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – RANDALL v COLVIN 14-CV-00683-VEB